## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DWANDA WOODS, PERSONAL                     CASE NO.
REPRESENTATIVE OF THE ESTATE OF
CARTIER WOODS,                             HON.

        Plaintiff,

vs.

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT, KIMBERLY
ROGERS, Principal Detroit Northwestern
High School, in her individual capacity,
DOE ATHLETIC DIRECTOR, Detroit
Northwestern High School, DOE NURSE,
DOE NURSING SUPERVISOR,
JOHN/JANE DOES 1-10,

        Defendant.
_____

THE MICHIGAN LAW FIRM, PC
RACINE M. MILLER (P72612)
Co-Counsel for Plaintiff
135 N. Old Woodward Ave, Suite 270
Birmingham, MI 48009
Phone: 844.464.3476
Fax: 248.237.3690
racine@themichiganlawfirm.com

SPECTRUM LEGAL SERVICES
MICHAEL H. FORTNER (P46541)
Co-Counsel for Plaintiff
24100 Southfield Road, Suite 203
Southfield, MI 48075
Phone: 248.432.7436
fortner@spectrumattorneys.com
_____

## PLAINTIFF'S COMPLAINT

I.      Preliminary Statement

This civil action arises from the preventable and tragic death of Cartier Woods, a student-athlete at Detroit Northwestern High School, who collapsed during a school-sanctioned basketball game on January 31, 2023, and died on February 7, 2023. For years preceding Cartier's death, Detroit Public Schools Community District ("DPSCD") and its policymakers and supervisory employees tolerated and/or ratified a scheme in which the school nurse, DOE NURSE, accepted cash payments from students to "clear" them for interscholastic athletics without conducting the required pre-participation physical examinations. Despite actual and constructive notice of this practice—and the obvious, grave risks that fraudulent clearances pose to student health and life—district and building leadership, including KIMBERLY ROGERS, DOE ATHLETIC DIRECTOR, and DOE NURSING SUPERVISOR, failed to stop it, failed to implement basic verification and audit controls, and continued to allow students, including Cartier, to participate under sham medical approvals.

Cartier's participation in high-intensity athletic activity was permitted solely because of the bogus clearance process DPSCD knew about and allowed to persist. The danger to student-athletes from fraudulent medical clearances is specific, foreseeable, and extreme: it affirmatively exposes cleared students to risks of cardiac and other catastrophic events during

2

exertion that proper screening is intended to detect and mitigate. Defendants' actions and inactions created and exacerbated this danger, and their deliberate indifference to it—together with failures in training, supervision, and enforcement—were a moving force behind Cartier's clearance, collapse, and death.

Plaintiff Dwanda Woods, as the duly appointed Personal Representative of the Estate of Cartier Woods, brings this action under 42 U.S.C. § 1983 against the individual officials whose conduct violated Cartier's substantive due process rights, and against DPSCD for its policies, customs, and failures to train and supervise that caused those violations. Plaintiff also brings related claims under Michigan law for wrongful death, including gross negligence/willful and wanton misconduct and related torts against the individual actors. Plaintiff seeks compensatory damages, wrongful-death damages, survival damages for conscious pain and suffering, punitive damages against the § 1983 individual defendants, attorney's fees under 42 U.S.C. § 1988, and such further relief as is just.

## II.    Parties

1. **PLAINTIFF DWANDA WOODS** is the Personal Representative of the Estate of Cartier Woods, appointed by the Wayne County Probate Court, and is authorized to prosecute this action pursuant to MCL 600.2922 and applicable federal law.

3

2. **DECEDENT CARTIER WOODS** was, at all relevant times, a student-athlete enrolled at Detroit Northwestern High School, within Detroit Public Schools Community District (DPSCD).

3. **DEFENDANT DETROIT PUBLIC SCHOOLS COMMUNITY DISTRICT** is a Michigan public school district and municipal corporation responsible for establishing and enforcing policies and practices concerning student health clearances, athletic participation, and emergency medical readiness in its schools, including Detroit Northwestern High School.

4. **Individual Defendants.**

   a. **DOE NURSE**, the school nurse at Detroit Northwestern High School, is sued in her individual capacity for actions including accepting cash payments and issuing fraudulent athletic clearances, and for deliberate indifference to student medical safety.

   b. **KIMBERLY ROGERS**, the principal of Detroit Northwestern High School, is sued in her individual capacity for knowledge of and acquiescence in the fraudulent clearance practice and failures to supervise and intervene.

   c. **DOE ATHLETIC DIRECTOR**, the athletic director for Detroit Northwestern High School, is sued in his/her individual capacity for knowledge of and acquiescence in the fraudulent clearance practice

and failures to supervise and intervene.

d. **DOE NURSING SUPERVISOR** and **JOHN/JANE DOES 1–10** are supervisory officials of **DPSCD** with responsibilities for nursing and health services and/or athletics who knew of, tolerated, and/or ratified the fraudulent clearance practice and failed to train, supervise, and enforce required screening and verification procedures.

## III.   Jurisdiction & Venue

5. This Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 because the action arises under 42 U.S.C. § 1983 and seeks redress for the deprivation of rights secured by the Fourteenth Amendment.

6. The Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367, as they arise from the same nucleus of operative facts.

7. Venue is proper in the United States District Court for the Eastern District of Michigan under 28 U.S.C. § 1391(b) because the events and omissions giving rise to these claims occurred in Detroit, Wayne County, Michigan, within this District, and defendants reside and/or are employed here.

## IV.   Factual Background

8. Participation in interscholastic athletics within **DPSCD** requires a valid pre-participation physical examination performed by a qualified medical professional and documented on district-approved forms. The purpose of the screening is to identify conditions—particularly cardiac risks—that could render strenuous athletic activity dangerous or fatal.

9. For a substantial period preceding **January 31, 2023**, **DOE NURSE** accepted cash payments from students at Detroit Northwestern High School and "cleared" them for athletic participation without conducting the required examinations. The purported "clearances" were then accepted by athletic staff to permit participation.

10. KIMBERLY ROGERS, DOE ATHLETIC DIRECTOR, and DOE NURSING SUPERVISOR, and other DPSCD policymakers and supervisory personnel were on actual and/or constructive notice of the cash-for-clearance practice through complaints, staff reports, and its obvious indicia; nonetheless, they failed to stop it, failed to implement verification or audits, and allowed students, including Cartier, to participate under fraudulent clearances.

11. In reliance on a purported medical clearance generated through this practice, Cartier was permitted to participate in high-intensity athletic activity. On January 31, 2023, during a sanctioned basketball game at Detroit Northwestern High School, Cartier collapsed on the court,

suffered cardiac arrest, and - after hospitalization - died on February 7, 2023.

12. Defendants' actions and omissions, including knowingly permitting fraudulent clearances, failing to implement basic verification and supervisory controls, and tolerating practices that foreseeably exposed student-athletes to life-threatening risk, were a moving force and proximate cause of Cartier's clearance, collapse, and death.

## V.    Causes of Action

### *Count I – 42 U.S.C. § 1983, State-Created Danger*
### As to: Doe Nurse, Kimberly Rogers, Doe Athletic Director, Doe Nursing Supervisor, and John/Jane Does 1-10

1. Plaintiff incorporates by reference all preceding paragraphs.

2. At all relevant times, the Individual Defendants acted under color of state law and within the scope of their employment with DPSCD.

3. The Fourteenth Amendment prohibits government officials from affirmatively creating or increasing a specific, foreseeable danger of serious harm to an individual, with deliberate indifference.

4. Defendants, through affirmative acts, created and/or heightened a specific danger to Cartier Woods by:

a) knowingly authorizing, facilitating, and/or acquiescing in a cash-for-"clearance" scheme in which DOE NURSE accepted payments and issued fraudulent pre-participation clearances without examinations;

7

b) accepting and using those fraudulent clearances to permit

participation by student-athletes, including Cartier;

c) failing to institute or enforce verification, audit, or supervisory

controls despite notice of the scheme and its grave risks; and

d) communicating and enforcing that such sham clearances would

count for eligibility, inducing participation.

5. The risk of catastrophic cardiac events in high-exertion sports is well

known; replacing legitimate screening with sham approvals

affirmatively increased the risk to Cartier.

6. Defendants acted with deliberate indifference because they had actual

and/or constructive notice of the practice and its risks, yet refused to

stop it or implement basic controls; such conduct is conscience-

shocking.

7. Defendants' affirmative conduct was a moving force and proximate

cause of Cartier's participation, collapse on January 31, 2023, and

death on February 7, 2023.

8. The prohibition against knowingly endangering a student by

affirmatively creating or increasing a specific risk of serious harm was

clearly established well before 2023.

9. As a direct and proximate result, Plaintiff suffered damages as

permitted by § 1983 and the Michigan Wrongful Death Act.

## *Count II – 42 U.S.C. § 1983,*
## *Deliberate Indifference to Known, Serious Medical Risk*
### As to: Doe Nurse, Kimberly Rogers, Doe Athletic Director, Doe Nursing Supervisor, and John/Jane Does 1-10

10. Plaintiff incorporates by reference all preceding paragraphs.

11. The Fourteenth Amendment prohibits government officials from knowingly disregarding a serious medical risk they have created, maintained, or are on notice of, where their conduct is clearly unreasonable and amounts to deliberate indifference.

12. The Individual Defendants knew that: (a) valid pre-participation physicals exist to identify cardiac/exertional risks among other critical health risks of students at the public school; (b) DOE NURSE was accepting cash and issuing "clearances" without real exams; (c) athletic staff were accepting those clearances; and (d) high-exertion basketball imposed foreseeable serious medical risks on students cleared without screening.

13. Despite that knowledge, Defendants were deliberately indifferent by: (a) permitting participation, including Cartier's, based on fraudulent clearances; (b) failing to verify, audit, or invalidate suspect clearances; (c) failing to train/supervise staff to detect/reject sham clearances; (d) failing to ensure adequate emergency medical readiness (including AED availability/inspection/deployment and CPR-certified personnel);

and (e) failing to respond reasonably to the obvious substantial risk their own practices created.

14. Defendants' conduct was conscience-shocking and clearly unreasonable given the purpose of the exam requirement and the foreseeability of a lethal cardiac event absent proper screening.

15. Defendants' deliberate indifference was a moving force and proximate cause of Cartier's clearance, cardiac arrest, and death.

16. The prohibition against knowingly disregarding a serious medical risk to a student, particularly where created or maintained by officials' own practices, was clearly established before 2023.

17. As a direct and proximate result, Plaintiff suffered the damages described above.

### *Count III – 42 U.S.C. § 1983, Municipal Liability* *(Monell: Policy, Custom, and Failure to Train/Supervise)* As to: Detroit Public Schools Community District ("DPSCD")

18. Plaintiff incorporates by reference all preceding paragraphs.

19. At all relevant times, DPSCD was responsible for establishing, implementing, and enforcing policies, customs, practices, and training concerning pre-participation health clearances for student-athletes, eligibility verification, athletic safety, and emergency medical readiness within DPSCD schools, including Detroit Northwestern High School. DPSCD's policymakers, including its Superintendent and

senior administrators, had actual or constructive notice of the
fraudulent clearance practice and ratified the same through their
deliberate inaction.

20.     Cartier's constitutional injuries were caused by DPSCD's official
policies, well-settled customs/practices, and failures to train and
supervise employees in a manner that amounts to deliberate
indifference to the rights and safety of student-athletes, including:

a. Custom/Practice of accepting fraudulent clearances: A
longstanding, widespread practice of allowing "clearances" obtained without
actual examinations to satisfy eligibility requirements, including acceptance
of clearances known or obvious to be illegitimate, and reliance on such
clearances to permit participation in high-exertion athletics.

b. Failure to verify/audit eligibility documentation: A policy or custom
of not verifying the authenticity of medical clearances, not auditing
eligibility files, and not enforcing procedures designed to detect sham or
irregular clearances.

c. Failure to act on notice and/or complaints: A policy or custom of
disregarding complaints, staff reports, and other notice that fraudulent
clearances were being issued and accepted, thereby ratifying the practice.

d. Inadequate training and supervision: Failure to train and supervise
nurses, athletic directors, coaches, and building administrators regarding (i)

legal requirements for pre-participation examinations, (ii) identification and rejection of fraudulent clearances, (iii) documentation and escalation protocols for suspected irregularities, and (iv) maintenance and deployment of AEDs/CPR readiness for foreseeable exertional emergencies, as upon information and belief, DPSCD and school officials failed to ensure that a functioning automated external defibrillator (AED) and adequately trained CPR personnel were present and deployed promptly during the incident.

21. The foregoing policies, customs, and failures reflect DPSCD's deliberate indifference because DPSCD knew or should have known that (a) pre-participation screening is intended to detect life-threatening risks; (b) sham clearances foreseeably expose student-athletes to specific, serious dangers; and (c) the absence of verification, audits, and training predictably results in unconstitutional and dangerous practices.

22. DPSCD's deliberate indifference was demonstrated by, among other things: (a) the persistence of the cash-for-clearance scheme over time; (b) repeated opportunities to correct the practice; (c) the obviousness of the risk to a discrete population, students permitted to participate based on fraudulent clearances; and (d) the failure to implement basic remedial measures (verification, audits, training, discipline).

23.     DPSCD's policies, customs, and failures were the moving force behind the constitutional deprivations suffered by Cartier, in that they caused and foreseeably led to his being cleared to participate without proper screening, exposed him to a heightened risk of exertional cardiac collapse, and contributed to the failure to prevent or timely mitigate that collapse.

24.     As a direct and proximate result of DPSCD's Monell-level violations, Plaintiff suffered the damages previously described.

### *Count IV – 42 U.S.C. § 1983, Supervisory Liability*
### As to: Kimberly Rogers, Doe Athletic Director, Doe Nursing Supervisor, and John/Jane Does 1-10

25.     Plaintiff incorporates by reference all preceding paragraphs.

26.     At all relevant times, the Supervisory Defendants exercised supervisory authority over personnel and processes governing student-athlete medical clearances, eligibility verification, and athletic safety within Detroit Northwestern High School and/or DPSCD.

27. The Supervisory Defendants had actual and/or constructive knowledge that subordinates, including Doe Nurse and athletic staff, were engaged in unconstitutional conduct, namely: accepting cash to issue fraudulent pre-participation clearances, relying on those sham clearances to determine eligibility, and maintaining eligibility records without verification or audits.

13

28.     Despite such knowledge, the Supervisory Defendants knowingly acquiesced in, tacitly authorized, or were deliberately indifferent to the unconstitutional conduct of their subordinates by:

a. Failing to investigate, stop, or discipline personnel involved in the cash-for-clearance practice;

b. Failing to implement or enforce verification and audit procedures that would detect and prevent sham clearances;

c. Failing to train and supervise subordinates to identify irregularities, escalate concerns, and refuse participation where clearances were not legitimately obtained;

d. Ignoring complaints and obvious indicia of fraudulent clearances and continuing to allow student-athletes, including Cartier, to participate based on such clearances.

29.     The Supervisory Defendants' conduct bears a causal connection to the constitutional injuries suffered by Cartier because their knowledge and acquiescence, and their failures to train, supervise, and enforce basic controls, enabled and perpetuated the unconstitutional practices that cleared Cartier to participate without proper screening and exposed him to a foreseeable, specific risk of lethal harm.

30.     The law clearly established, well before 2023, that supervisors who know of and acquiesce in unconstitutional conduct by

14

subordinates, or who are deliberately indifferent to a known pattern of constitutional violations, may be held liable under § 1983 where their actions or inaction are causally linked to the deprivation.

31. As a direct and proximate result of the Supervisory Defendants' violations, Plaintiff suffered the damages previously described.

### Count V – Gross Negligence & Willful and Wanton Misconduct (Wrongful Death)
### As to: Doe Nurse, Kimberly Rogers, Doe Athletic Director, Doe Nursing Supervisor, and John/Jane Does 1-10

32. Plaintiff incorporates by reference all preceding paragraphs.

33. At all relevant times, the Individual Defendants owed Cartier Woods a duty to exercise reasonable care for student safety in connection with pre-participation medical clearance, eligibility verification, and permitted participation in interscholastic athletics at Detroit Northwestern High School.

34. The Individual Defendants breached those duties by acts and omissions that rise to gross negligence and willful and wanton misconduct, including but not limited to:

a. Doe Nurse accepting cash and issuing "clearances" without conducting examinations;

b. Knowing acceptance and use of those fraudulent clearances to permit student participation, including Cartier's;

15

c. Failure to implement or enforce basic verification, audit, escalation, and invalidation procedures after complaints and obvious indicia of fraud;

d. Failure to supervise and train staff regarding legal clearance requirements and rejection of sham clearances; and

e. Continuing to allow participation under sham clearances despite foreseeable, grave exertional risks the clearance process exists to detect and mitigate.

35.     "Gross negligence" under MCL 691.1407(8)(a) is conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results; "willful and wanton misconduct" is at least as culpable. The conduct described above satisfies these standards.

36.     The Individual Defendants' gross negligence and/or willful and wanton misconduct was the proximate cause, i.e., the most immediate, efficient, and direct cause, of Cartier's clearance to participate without screening and of his collapse on January 31, 2023, followed by his death on February 7, 2023.

37. Pursuant to the Michigan Governmental Tort Liability Act (GTLA), governmental employees are not immune for their own gross negligence when it is the proximate cause of the injury (MCL 691.1407(2)).

38.     As a direct and proximate result, damages are recoverable under the Michigan Wrongful Death Act, MCL 600.2922, including, but not limited to survivors' damages and survival damages for conscious pain and suffering.

### *Count VI – Fraudulent Misrepresentation (Wrongful Death)*
### As to: Doe Nurse and Jane/John Does 1-10

39.     Plaintiff incorporates by reference all preceding paragraphs.

40.     Doe Nurse made material, false representations, in writing and/or orally, by issuing and/or certifying purported pre-participation medical "clearances" for Cartier Woods (and other students) **without performing the required real examinations**, and by representing such clearances as valid for athletic eligibility.

41. At the time the representations were made and used, Doe Nurse knew they were false, or made them recklessly without knowledge of their truth, and intended that school personnel rely on them to permit Cartier to participate in high-exertion athletics.

42.     School personnel did, in fact, rely on these representations to permit Cartier to participate; Cartier likewise reasonably relied on being "cleared" as meaning he had been screened for safety, and participated in sanctioned athletics in justifiable reliance on that status.

17

43.     The false clearances were a proximate cause of Cartier's participation without screening, his cardiac arrest and collapse on January 31, 2023, and his death on February 7, 2023.

44.     This claim sounds in intentional tort and administrative fraud, not professional medical malpractice: it challenges the knowing issuance and use of sham clearances and related administrative deception, not the exercise of medical judgment.

45.     The elements of fraudulent misrepresentation are pled with particularity consistent with MCR 2.112(B).

46.     As a direct and proximate result of the fraudulent misrepresentations, Plaintiff is entitled to wrongful-death damages under MCL 600.2922.

### *Count VII – Civil Conspiracy (Wrongful Death)*
**As to: Doe Nurse, Kimberly Rogers, Doe Athletic Director, Doe Nursing Supervisor, and John/Jane Does 1-10**

47.  Plaintiff incorporates by reference all preceding paragraphs.

48.     The Individual Defendants combined, agreed, or mutually understood to accomplish an unlawful purpose and/or a lawful purpose by unlawful means, namely: to permit student-athletes, including Cartier Woods, to participate in interscholastic athletics based on fraudulent pre-participation clearances that were issued without examinations and knowingly treated as valid.

18

49.     In furtherance of the conspiracy, one or more defendants committed overt acts, including:

a. Accepting cash and issuing sham "clearances" without examinations;

b. Accepting, filing, and relying upon such sham clearances to determine eligibility;

c. Failing to verify, audit, or invalidate suspect clearances after complaints and obvious indicia;

d. Communicating to staff that these clearances would be honored; and

e. Suppressing or ignoring reports/complaints about the practice.

50.     The combination and overt acts were undertaken knowingly and in bad faith, with malice and/or a substantial lack of concern for whether injury would result, and were intended or reasonably expected to expose student-athletes cleared via the scheme to specific, foreseeable risks of catastrophic exertional harm.

51. The civil conspiracy directly caused and/or was a substantial factor in causing Cartier's clearance without screening, his collapse on January 31, 2023, and his death on February 7, 2023.

52.     The conspiracy claim relates to the underlying wrongful acts alleged herein, including, but not limited to the violations of 42 U.S.C.

§ 1983, fraudulent misrepresentation, and gross negligence, willful and

wanton misconduct, and seeks wrongful-death damages as permitted

by MCL 600.2922.

### *Count VIII – Grossly Negligent Hiring, Retention, & Supervision*
**As to: Kimberly Rogers, Doe Athletic Director, Doe Nursing Supervisor, and
John/Jane Does 1-10**

53.     Plaintiff incorporates all preceding paragraphs.

54.     As supervisory employees, Defendants had duties to exercise

reasonable care in hiring, retaining, and supervising personnel

responsible for student medical clearances and athletic eligibility; to

enforce clearance policies; to investigate complaints; and to remove or

discipline unfit personnel.

55.     Defendants breached those duties by conduct constituting gross

negligence (MCL 691.1407(8)(a)), including but not limited to:

a. Retaining and failing to discipline Doe Nurse despite

actual/constructive notice of cash-for-clearance practices;

b. Failing to supervise and enforce verification/audit protocols after

complaints and obvious indicia of sham clearances;

c. Failing to train staff to detect, escalate, and **reject** fraudulent

clearances; and

d. Allowing student-athletes, including Cartier, to participate under

sham clearances despite foreseeable grave exertional risks.

56.     Defendants' gross negligence was the proximate cause, the most immediate, efficient, and direct cause, of Cartier's fraudulent clearance and resulting death. Accordingly, they are not immune under MCL 691.1407(2).

57. Damages are sought under all applicable authority, including, but not limited to the Michigan Wrongful Death Act, MCL 600.2922.

## VI.   Damages Allegations (Wrongful-Death & Survival)

58.     Plaintiff incorporates by reference all preceding paragraphs.

59.     As a direct and proximate result of Defendants' conduct, Cartier Woods sustained injuries culminating in his tragic and entirely preventable cardiac arrest on January 31, 2023, hospitalization, and death on February 7, 2023.

60.     Pursuant to the Michigan Wrongful Death Act, MCL 600.2922, Plaintiff seeks all allowable wrongful-death damages, including but not limited to:

a. Loss of society and companionship suffered by the statutory beneficiaries;

b. Loss of support and services;

c. Medical, hospital, and related expenses incurred during Cartier's last illness;

d. Funeral and burial expenses; and

e. Such other fair and equitable damages as the trier of fact deems just.

61. In addition, pursuant to applicable survival principles and § 1983, Plaintiff seeks survival damages for Cartier's conscious pain and suffering between the time of injury and death.

62. Plaintiff also seeks punitive damages against the individual § 1983 defendants to the extent permitted by federal law, as well as reasonable attorneys' fees and costs pursuant to all applicable authority, including, but not limited to 42 U.S.C. § 1988.

## VII.   Request for Relief

WHEREFORE, Plaintiff Dwanda Woods, as Personal Representative of the Estate of Cartier Woods, respectfully requests that this Court enter judgment in her favor and against Defendants, and award:

1. Compensatory damages in an amount to be determined at trial, including all wrongful-death damages permitted by MCL 600.2922 and survival damages for conscious pain and suffering;

2. Punitive damages against the individual § 1983 defendants as permitted by federal law;

3. Attorneys' fees and costs under 42 U.S.C. § 1988 and other applicable law;

4. Pre- and post-judgment interest as allowed by law; and

5.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE MICHIGAN LAW FIRM, PC

/s/ RACINE M. MILLER
RACINE M. MILLER (P72612)
Co-Counsel for Plaintiff
135 N. Old Woodward Avenue, Suite 270
Birmingham, MI 48009
Phone: 844.464.3476
Fax: 248.237.3690
racine@themichiganlawfirm.com

SPECTRUM LEGAL SERVICES

/s/ MICHAEL H. FORTNER
MICHAEL H. FORTNER (P46541)
Co-Counsel for Plaintiff
24100 Southfield Road, Suite 203
Southfield, MI 48075
Phone: 248.432.7436
fortner@spectrumattorneys.com

Dated: October 9, 2025

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DWANDA WOODS, PERSONAL                    CASE NO.
REPRESENTATIVE OF THE ESTATE OF
CARTIER WOODS,                            HON.

       Plaintiff,

vs.

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT, KIMBERLY
ROGERS, Principal Detroit Northwestern
High School, in her individual capacity,
DOE ATHLETIC DIRECTOR, Detroit
Northwestern High School, DOE NURSE,
DOE NURSING SUPERVISOR,
JOHN/JANE DOES 1-10,

       Defendant.

_____

THE MICHIGAN LAW FIRM, PC
RACINE M. MILLER (P72612)
Co-Counsel for Plaintiff
135 N. Old Woodward Ave, Suite 270
Birmingham, MI 48009
Phone: 844.464.3476
Fax: 248.237.3690
racine@themichiganlawfirm.com

SPECTRUM LEGAL SERVICES
MICHAEL H. FORTNER (P46541)
Co-Counsel for Plaintiff
24100 Southfield Road, Suite 203
Southfield, MI 48075
Phone: 248.432.7436
fortner@spectrumattorneys.com

_____

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

THE MICHIGAN LAW FIRM, PC

/s/ RACINE M. MILLER
RACINE M. MILLER (P72612)
Co-Counsel for Plaintiff
135 N. Old Woodward Avenue, Suite 270
Birmingham, MI 48009
Phone: 844.464.3476
Fax: 248.237.3690
racine@themichiganlawfirm.com

SPECTRUM LEGAL SERVICES

/s/ MICHAEL H. FORTNER
MICHAEL H. FORTNER (P46541)
Co-Counsel for Plaintiff
24100 Southfield Road, Suite 203
Southfield, MI 48075
Phone: 248.432.7436
fortner@spectrumattorneys.com

Dated: October 9, 2025